[Civ. No. 1831. Second Appellate District.—June 6, 1917.]

## RANDOLPH FRUIT COMPANY (a Corporation), Appellant, v. G. W. GALBREATH, Respondent.

MARKETING OF ORANGE CROP—SETTLEMENT FOR SALES—ALLEGED OVERPAYMENTS NOT RECOVERABLE.—In this action by a corporation engaged in handling and marketing fruit to recover back a portion of the money paid to the defendant in the marketing of his crop of oranges and grape fruit, on the theory that the prices quoted by it were not net prices, but subject to other charges and conditions of the market not at the time known to the plaintiff, it is held, that while it was the understanding that plaintiff's packing and sale charges were to be made against defendant, the plaintiff could not recover such alleged overpayments, since, even though the transaction amounted to an agency, and not a sale, the company could not upon the representations made, dispute the correctness of the returns made on sales.

ID.—AGENCY—SALE OF FRUIT—CORRECTNESS OF RETURNS—WHEN NOT DISPUTABLE.—An agent who represents to his principal that fruit was being sold at a certain definite price, and makes returns accordingly, may not be permitted to dispute the correctness of his returns and later attempt to charge his principal with a greater amount of deductions, where no reasonable ground of error or excusable mistake is shown.

APPEAL from an order of the Superior Court of the County of San Bernardino denying a new trial. Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

W. W. Butler, for Appellant.

Halsey W. Allen, for Respondent.

JAMES, J.—This action was brought by the plaintiff to recover, as for money paid out at the instance and request and for the benefit of defendant, the sum of $617.49, together with interest.   Judgment was for the defendant.   The appeal is taken from an order denying plaintiff's motion for a new trial and is presented on the judgment-roll and a statement of the case.

Plaintiff, in 1912, was engaged in the handling and marketing of fruit.   In the same year defendant was the owner of an orchard which was then producing oranges and grape fruit. The orchard was located in San Bernardino County, California, while the defendant was a resident of the city of St. Louis, Missouri.   In the year mentioned, one of plaintiff's officers, having apparently observed that there was some especially fine fruit in the orchard of defendant, wrote to the defendant this letter:

"Dear Sir: We were very much surprised to learn that you had sold your oranges at Highland and felt sure that you did not know the condition there—therefore took the liberty of wiring you the facts in the case.   A few days ago, since the frost, I made a careful inspection of your orchard, and have no hesitancy in pronouncing your crop the finest oranges I ever saw; they are not frozen nor did I find any evidence of frosted fruit.   It was only now and then that a tree in the top and the young shoots showed any evidence of being touched, but the fruit is in perfect condition.   Your sizes are exceptional for this year.   The majority of the oranges from other groves are small and owing to the cold weather will not size up sufficiently to make them merchantable.   This makes fruit of good size, such as yours, command a premium.

"I was afraid that they had misrepresented to you that the fruit was frozen, and not knowing the exact condition, that you had not received the market value, took the liberty of telegraphing you.   We have received your wire in reply, instructing us to call Mr. Norton, which we did immediately on receipt of same but found him away from home.   However, Mrs. Norton answered the telephone and advised me that she had received a telegram from you and was then endeavor-

ing to reach Mr. Norton, on the phone at Rialto. She stated that he would return this evening and she would have him call me on the phone. I will advise you as soon as I have a talk with him as to just what is the status of affairs regarding the sale.                    Yours very truly,

"W. O. RANDOLPH."

To this letter defendant made reply, stating that he had then pending a deal to sell his fruit on the trees, but had not signed the contract. He requested plaintiff to get in touch with his overseer and to cover fully any offer the plaintiff had to make and to state the price that plaintiff believed the fruit would bring. This last information was contained in a telegram to which plaintiff made the following reply:

"Examined your orange crop yesterday again, also had a talk today with Norton. If you will allow me handle your crop and use my judgment will net you a great deal more money than you have been offered. Your oranges and grape fruit is in fine condition and by moving it slowly when we have good orders you will be more than satisfied with results. I can put it out on our orders we can move half car your grape fruit now two fifty f. o. b. Highland. I feel sure can sell your oranges at dollar sixty-five to two dollars f. o. b. Please answer promptly. Holding grape fruit order open until hear from you. My advice is that the bulk of the crop should not be moved before the first of March to lighten up some of the trees.

"W. O. RANDOLPH."

Defendant made reply by a lengthy letter. In that letter he stated that he had theretofore felt disposed to sell the fruit on the trees, but that he had finally decided to let the fruit go through plaintiff's house "with the understanding of course that if I am not satisfied with the results obtained I would have the privilege of changing to other packing-houses." He added: "I wired you last night, and also notified Norton, and instructed him to have the grape fruit picked and delivered to you on request; also to pick the balance of the fruit from time to time as requested by you." Instructions were also contained in the letter directing deposits to be made on account of sales with a bank in the city of San Bernardino, and also regarding records of weights to be furnished. A telegram was also sent by the defendant, advising the plaintiff that he had instructed his superintendent to pick the grape fruit and

fill the order mentioned in the previous communication of the plaintiff. Shortly thereafter plaintiff wired the defendant that it had "sold two cars your oranges for immediate shipment at one dollar ninety cents f. o. b." The reply came immediately: "Have instructed Norton to have two cars of oranges picked. Sold at one ninety f. o. b. Before selling more wire price first as may not want to sell but hold for higher market." From time to time plaintiff made deposits to the credit of defendant in the San Bernardino bank designated by the defendant. Defendant later wrote making some complaint and asking for particulars as to sales made and the reply came in the course of time. One of the inquiries was regarding the two carloads of oranges which the defendant was advised were to be sold for the price hereinbefore mentioned. Touching that matter, the letter of the plaintiff contained this statement: "In remitting you on the 759 boxes at the above prices, less our packing and selling charge of 47½ cents a box, we are paying you for the fruit on the basis on which it was sold." Other statements contained in the letter were of similar import. However, a number of months after the shipment of the crop, or that portion of it handled by the plaintiff, this action was brought wherein the plaintiff sought to recover back a portion of the money so paid to the defendant, the claim being that this money was paid as advances and not as for a concluded sale of the fruit. There is no dispute but that if it were a fact that the oranges and grape fruit were sold at the prices stated by the plaintiff in its letters and telegrams, there was made by reason of the alleged advances no excess payment over such prices to the defendant. Plaintiff's position is that the entire transaction was an open matter, and that when in its letters and telegrams a price was referred to, that price was not a net price to the defendant but was subject to other charges and conditions of the eastern market not at the time known to the plaintiff. This position is not at all borne out by the statements of the plaintiff as contained in its various letters and telegrams, especially in that letter written in reply to the defendant when the latter complained about the returns and asked for more specific accounting. Defendant was told, for instance, that "in remitting you on the 759 boxes at the above prices, less our packing and selling charge of 47½ cents a box, we are paying you for the fruit on the basis on which it was sold." It is plain enough that the understanding to be derived from the various

communications passing between the two parties, was that the packing and sales charges were to be made against the defendant. However, when the defendant was informed that fruit had been sold at a certain price f. o. b. at the shipping point, the language used leaves little room for misunderstanding. The price to be returned was either the price mentioned when the fruit was on board cars after being handled and packed by the plaintiff, or those specific terms could mean nothing whatsoever. The trial judge found that the various advances had been made by way of settlement. Whether we shall say that the transactions between the plaintiff and the defendant amounted to a sale of the defendant's fruit to the plaintiff, or whether we shall say that the plaintiff was operating merely as an agent, to our minds the conclusion must be the same, and that conclusion sustains the judgment of the trial court. Viewing the case as one of agency only, from all of the testimony it may very properly be deduced that the agent represented to its principal that fruit was being sold at a certain definite price and made returns accordingly. In such a case the agent may not be permitted to dispute the correctness of his returns and later attempt to charge his principal with a greater amount of deductions, where no reasonable ground of error or excusable mistake is shown. It is very commonly held that a factor may by his words and acts make himself liable to an accounting for a specific price where goods are intrusted to his possession and for sale. (Mechem on Agency, sec. 2557.) In the communications passing from the plaintiff to the defendant, wherein the price to be obtained for the oranges and grape fruit was mentioned, it very clearly appears that the plaintiff intended to represent to the defendant that the price mentioned was the one at which the fruit had been actually bargained for. We think these circumstances sufficient to charge the agent accordingly.

Appellant suggests in conclusion that the calculation made by the trial judge was erroneous in that if his deductions were followed a greater amount would be due the defendant than the fact was actually determined to be. If the trial judge made such error, it was an error in favor of the plaintiff, and we think in no wise argues against the conclusions before expressed.

The order is affirmed.

Conrey, P. J., and Works, J., *pro tem.*, concurred.